RANDOLPH, Justice,
concurring in part and in result:
¶ 44. I concur with the plurality on the second and third issues. Regarding the first issue, I concur in reversing the Court of Appeals’ judgment and affirming the trial court’s judgment for reasons that differ from those of the plurality.
¶ 45. The plurality sets out Issue I as whether “[t]he evidence was sufficient to sustain Nolan’s conviction for heat-of-passion manslaughter under Section 97-3-35.” Alternatively, it could have stated: Whether the evidence was sufficient to sustain Nolan’s conviction for manslaughter with a dangerous weapon under Section 97-3-35.
¶ 46. A grand jury indicted Nolan for having willfully, unlawfully, and feloniously killed “a human being, without malice, in the heat of passion, by the use of a dangerous weapon, to wit: a handgun, without authority of law and not in necessary self defense....” Our ruling also could have been predicated on finding the heat-of-passion language extraneous to the indictment, for that element is inextricably linked by the commands of our language and proper grammar to the element that follows it, “but in a cruel or unusual manner .... ” Miss.Code Ann. § 97-3-35 (Rev. 2006) (emphasis added). The indictment was never contested in the trial court. The only issue contested at trial was Nolan’s sanity. The trier of fact concluded that Nolan was sane and guilty of manslaughter.
¶ 47. This Court has held that the language of the statute may be read in the disjunctive.[2] Lanier v. State, 684 So.2d 93, *898 97 (Miss.1996). Under a disjunctive reading, heat of passion would be a necessary element only to a cruel-or-unusual-manner charge, but would not be necessary to dangerous-weapon manslaughter. Under such a charge, the elements are: (1) killing of a human being, (2) without malice, (3) by the use of a dangerous weapon, (4) without authority of law, and (5) not in necessary self-defense. See Miss.Code Ann. § 97-3-35 (Rev.2006).
¶ 48. A reading of an earlier Lanier decision reveals that this Court has examined the question of whether heat of passion is a necessary element of dangerous-weapon manslaughter under Mississippi Code Section 97-3-35, and has conclusively found a trial court in error for failing to give a manslaughter instruction that did not include heat of passion. (Lanier v. State, 450 So.2d 69, 83 (Miss.1984)). This Court reversed Lanier’s conviction, finding error in refusing instruction D-10, the final paragraph of which follows:
If you find beyond a reasonable doubt that Arthur Ray Lanier killed Buford Dedeaux, a human being, without malice but by his own action by the use of a deadly weapon, without authority of law, and not necessarily in self-defense, then you shall find the defendant, Arthur Ray Lanier, guilty of the crime of manslaughter.
Lanier, 684 So.2d at 95 (quoting Lanier, 450 So.2d at 83). A dissenting justice in the earlier Lanier case unsuccessfully argued that there was no error in refusing this instruction, as a proper instruction required “in the heat of passion.” See Lanier, 450 So.2d at 83 (Bowling, J., joined by Roy Noble Lee, and Walker, P.JJ.) Justice Bowling’s dissent included the following discussion:
The refused Instruction D-10 completely omitted an essential requirement[ ] of the statute; that is, that in addition to the killing being without malice, it absolutely required that it be “in the heat of passion.” There is an alternative in the statute wholly disconnected with the requirement that the killing be “without malice in the heat of passion;” and that is that it can either be “in a cruel or unusual manner” or “by the use of a dangerous weapon without authority of law and not in necessary self-defense.” It is therefore inescapable that assuming appellant to have been entitled to a manslaughter instruction, the submitted D-10 was erroneous and properly refused. It did not require an essential element of manslaughter, statutorily required; that is, without malice, in the heat of passion.
Id. (emphasis in original). The Lanier majority rejected this argument without comment. Id. at 79-81. In the later La-nier opinion, the Court followed the earlier ruling and stated succinctly that it was reversible error to grant a heat-of-passion instruction where all agreed there was no proof of heat of passion, but the trial court erred in refusing the same D-10 instruction approved in the prior-named case:
We agree with Lanier that the statute may be read in the disjunctive and that the killing of a human being without malice, or by the use of a dangerous weapon without authority of the law and not in necessary self-defense, may be manslaughter. In the present case, it was reversible error to grant a heat of passion manslaughter instruction where *899 all parties agreed there was no proof of heat of passion. Further, the trial court erred in refusing Instruction D-10 because the facts of this case warrant this instruction. This is the very ground upon which this Court reversed in the first trial.
Lanier, 684 So.2d at 97. Thus,, there is clear and unequivocal precedent for affirming Nolan’s conviction under Section 97-3-35 without a heat-of-passion finding.
¶ 49. I can only surmise that the belief that heat of passion always is a necessary element under this statute has arisen from long-term, undue attention to the statute’s heading: “Homicide; killing without malice in the heat of passion.” Miss.Code Ann. § 97-3-35 (Rev.2006). This heading does not have the force of law. “Headings or ‘catchlines’ for Code sections and subsections are generally created and maintained by the publisher. They are mere catchwords and are not to be deemed or taken as the official title of a section or as a part of the section.” Mississippi Code 1972 Annotated, User’s Guide, at xii (Rev. 2005). If we followed the statutory language, an affirmance of the conviction would be in order without the heat-of-passion debate between the plurality and dissenting opinions.
¶ 50. Finally, the dissent’s assumption that heat of passion is a necessary element is flawed because it requires an illogical assumption — that the Legislature, in creating ten specific manslaughter statutes and one general statute, would require a prosecutor to prove heat of passion for this type of manslaughter. In a case without heat of passion, resort to the general manslaughter statute would be inappropriate, as that statute, being tied historically to common-law involuntary manslaughter, does not require intent. See Craig v. State, 520 So.2d 487, 491 (Miss.1988); Miller v. State, 733 So.2d 846, 849-50 (Miss.Ct.App.1998); Miss.Code Ann. § 97-3-47 (Rev.2006). This would mean that an intentional (but not an in-the-heat-of-passion) killing of a human being with a dangerous weapon is not prohibited under our eleven-section manslaughter statutory system. As none of the other manslaughter statutes requires heat of passion, it would be illogical to treat intentional homicide with a dangerous weapon differently. Our Court has stated repeatedly that heat of passion is not a necessary element in the disjunctive option of Section 97-3-35.
¶ 51. I would find separately that the evidence was sufficient to affirm Nolan’s conviction for dangerous-weapon manslaughter under Section 97-3-35.
CHANDLER, J„ JOINS THIS OPINION.

. Definition of "disjunctive”: "1. Serving to divide or separate. 2. Serving to establish a relationship of contrast or opposition.... 3. Logic, a. Of a proposition that presents two or *898 more alternative terms.” Webster’s II New College Dictionary 327 (1995). This is opposed to "conjunction”: "One of the parts of speech in some languages comprising such words as, in English, and, but, because, and as, that connect other words, phrases, clauses, or sentences.” Id. at 238.